MEMORANDUM *
Appellant Maino Robin De Leon-Godi-nez (De Leon) was convicted by a jury of one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. De Leon challenges the district court’s denial of his motion to suppress incriminating statements; the district court’s jury instructions; and the district court’s denial of his request for an acceptance of responsibility sentence adjustment.
Even if we assume that De Leon’s Miranda rights were violated, any error in admitting De Leon’s incriminating statement was harmless because the uncontested independent evidence supported the verdict beyond a reasonable doubt. See United States v. Brobst, 558 F.3d 982, 996-97 (9th Cir.2009).
When viewed as a whole, the jury instructions properly conveyed that reasonable doubt could not be based on pure speculation; the government had the burden to prove each element of the offense; the jury must have been firmly convinced of De Leon’s guilt; and De Leon was presumed innocent. See United States v. Artero, 121 F.3d 1256, 1258 (9th Cir.1997) (“The Supreme Court has held that a reasonable doubt is, at a minimum, one based on reason, so a fanciful doubt is not a reasonable doubt.”) (citation, alteration, and internal quotation marks omitted); see also United States v. Soto, 519 F.3d 927, *820 932 (9th Cir.2008) (“Here, the district court repeatedly emphasized the government’s burden to prove all elements of the offense beyond a reasonable doubt. In light of those clear jury instructions, we think that there is no likelihood that the jury understood that any lower standard of proof could suffice”) (footnote reference omitted).
. The district court also properly instructed the jury that the presumption of innocence applied “unless and until” the government met its burden of proof. See United States v. Lopez, 500 F.3d 840, 847 (9th Cir.2007), as amended (“We have expressly held that use of the phrase unless and until adequately informs the jury of the presumption of innocence.”) (citations and internal quotation marks omitted).
The district court did not err in denying De Leon’s request for an acceptance of responsibility sentence adjustment because De Leon failed to demonstrate the requisite contrition. See United States v. Martinez-Martinez, 369 F.3d 1076, 1090 (9th Cir.2004); see also United States v. Schales, 546 F.3d 965, 976 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.